■ In the Matter of STEPHEN S., Appellant. — In a juvenile delinquency proceeding, the appeal is from an order of disposition of the Family Court, Queens County (Gartenstein, J.), dated March 2, 1982, which, following a fact-finding hearing and determination, found that appellant had committed acts which, if committed by an adult, would constitute robbery in the third degree, grand larceny in the third degree, and criminal possession of stolen property in the third degree, and placed him on probation. The appeal brings up for review the said fact-finding determination. Fact-finding determination modified, on the law, by deleting therefrom the adjudication that appellant had committed acts which, if committed by an adult, would constitute grand larceny in the third degree. As so modified, fact-finding determination affirmed, without costs or disbursements. Order of disposition affirmed, without costs or disbursements. As the corporation counsel candidly concedes, the appellant could not have committed robbery in the third degree without also having committed grand larceny in the third degree, that latter count being inclusory and concurrent. We have examined the other arguments raised by appellant and find them to be without merit. O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO CARDONA, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Delin, J.), imposed April 14, 1982. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Damiani, O'Connor and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT ESQUILON, Appellant. — Appeal by defendant, as limited by his motion, from a resentence of the Supreme Court, Kings County (Starkey, J.) imposed March 25, 1981, upon his conviction of criminal sale of a controlled substance in the third degree, upon his plea of guilty, the resentence being an indeterminate term of imprisonment of from 2 to 20 years. Resentence modified, as a matter of discretion in the interest of justice, by reducing it to an indeterminate term of imprisonment of from 2 to 10 years. As so modified, resentence affirmed. The resentence was excessive to the extent indicated herein. Mollen, P. J., Lazer, Brown and Niehoff, JJ., concur.